IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO SOTO-HINOJOSA,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. CV-F-10-501 OWW<br>(No. CR-F-04-5278 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

　　On March 12, 2010, pursuant to the "mailbox rule," Petitioner Ignacio Soto Hinojosa, proceeding *in pro per,* timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

　　Petitioner was charged by Superceding Indictment with conspiracy to manufacture, distribute and possess with intent to distribute 50 grams or more of methamphetamine and aiding and abetting (Count One); possession of methamphetamine with intent to distribute (Count Two); and possession of methamphetamine with

intent to distribute and aiding and abetting (Count Six).  Jury trial was confirmed for February 1, 2006.  On February 1, 2006, Petitioner pleaded guilty to Counts Two and Six without a written Plea Agreement in exchange for Respondent's agreement to dismiss Count One.  Petitioner was sentenced on July 13, 2007 to 168 months concurrent as to Counts Two and Six and Count One was dismissed.  Petitioner appealed his sentence to the Ninth Circuit, which affirmed the sentence imposed.

Petitioner asserts that he was denied the effective assistance of counsel:

> 1.   Counsel was ineffective when he recommended to petitioner not to take the plea agreement offered by the Government that provided a 144 months sentence.
>
> 2.   Counsel was ineffective when assured Petitioner that even he did not take the plea agreement from the Government that practically gave him a 144 months sentence, that was the most time he could get anyway.

Petitioner contends in his motion:

> 3) During pre-trial the Government offered a plea agreement which would provide a sentence of 144 months, is clear now that if Counsel did not assured me that no matter if I take the plea or plead guilty without the plea agreement, the most time I would get was 144 months, I would plea guilty to the first plea.
>
> 4) As the Government reflects in his brief for Appellee ..., that the sentence disparity with his other co-defendants was due to the culpability of the parties and plea offers accepted by the co-defendants but rejected by the defendant.  Therefore when defendant want it to plea but was advise by his counsel not to take the plea agreement, if the counsel acted in an effective manner, advising me to

```
          take the plea, the Court would have sentence
          me to a lesser time.
```

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other. *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689. The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* The court must apply "a heavy measure of deference to

counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 690-691.  "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989).  A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness.  *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.  "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*  "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.*  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.* at 694.

4

At sentencing, Petitioner's attorney, in arguing for a downward departure based in part on Section 3353 factors and on the ground that Petitioner had no prior record and was "otherwise safety valve eligible except for the Court's finding last week for the untruthfulness during the briefing. (CT, Sentencing July 13, 2007, 225:13-16).   The following discussion occurred:

> MS. SERVATIUS: When you want to compare the defendant's recommended sentence to that of the other defendants, I don't know if the Court recalls.  I think it might because I think it was going to be the first trial that was going to be in the new courtroom and on the day of trial, other defendants said we don't want to - we'll take the deal if it's still open.
>
> That left me with Mr. Conrado Hinojosa and Ignacio Soto.  I told them that they could have the offers as well even though I risked the Court's wrath in doing so.  And I had offered Ignacio twelve years ....
>
> And since then, I've had to listen to him in a 40 minute debriefing lie and I've had to sit here in a hearing ... and the arguments being made that he should get the additional point for acceptance of responsibility that can only be granted on the government's motion ....
>
> Why should the defendant get the benefit of the plea bargain if the government doesn't?

(CT, Sentencing July 13, 2007, 226:21-227:9).   Petitioner's counsel, Mr. Drandell, responded:

> MR. DRANDELL: Now, the offer was three phone counts, three phone counts for twelve years ... No more, no less. He's safety valve eligible, he had the ability to go into the ten years.  So I told him that if you just pled straight up, you can do better than twelve years because you're safety valve eligible.  You have no record.  And that's

> why, Your Honor, he decided to plead straight up rather than accept the government's offer.
>
> ...
>
> MR. DRANDELL: But that's why he did it and that's why the Court should sentence less than that. And if he was safety valve eligible and had debriefed and the Court had found him to be truthful and honest and forthcoming, he would have gotten significantly less than twelve years. So that's why he pled.

(CT, Sentencing July 13, 2007, 229:25-230:15). Petitioner was asked by the Court if he wished to say anything before sentence was pronounced:

> THE DEFENDANT: Yes. First of all, I apologize to the Court for having lied at the debriefing. But the reason that I did was to not interfere in my brother's defense. But I would like to acknowledge that I did help him to distribute the drugs. That I did deliver the packages on September 6th. And that, yes, I did know that the drugs were in the house. And therefore, once again, I apologize to the Court. That's all I would like to say.
>
> THE COURT: Thank you very much, Mr. Hinojosa.
>
> MR. DRANDELL: Your Honor, if he had said that at the debriefing, we'd be looking at a sentence under ten years.
>
> MS. SERVATIUS: Your Honor, that's not necessarily so since we denied minor acceptance, we'd still be looking at a sentence that's more in the 135 months.

(CT, Sentencing, July 13, 2007, 231:12-232:1).

This record demonstrates that Petitioner's counsel was not ineffective in advising Petitioner to reject the Government's plea offer and to plead straight up to Counts Two and Six and in

6

advising Petitioner that the most time he could receive if rejected the plea agreement was 144 months.  If Petitioner had testified truthfully during the safety valve debriefing, as he admitted to the Court he did not, Petitioner would have been eligible for a sentence less than the 144 month sentence in the Government's plea offer.  Petitioner makes no contention that Mr. Drandell advised him to be untruthful during the safety valve debriefing or that Mr. Drandell did not advise him of the consequences to Petitioner of being untruthful.  As the Court advised Petitioner when imposing sentence, the keys to a lesser sentence than that set forth in the rejected plea agreement were in Petitioner's hands.  Petitioner's failure to be truthful during the safety valve interview resulted in a sentence exceeding 144 months, not counsel's advice.

For the reasons stated:

1. Petitioner Ignacio Soto Hinojosa's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   April 6, 2010                             /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE